COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-06-265-CR

 

                                                                                                        

JOSE RAMOS                                                                     APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

            FROM
THE 367TH DISTRICT COURT OF DENTON COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------

Appellant Jose Ramos attempts to appeal
his conviction for aggravated assault. 
After Appellant pled guilty pursuant to a plea bargain agreement, the
court assessed his punishment at three years= confinement.  We dismiss the appeal for want of
jurisdiction.








Pursuant to rule 26.2 of the
rules of appellate procedure, a notice of appeal must be filed within thirty
days after the day sentence is imposed, or within ninety days after the day
sentence is imposed if the defendant files a timely motion for new trial.  Tex. R.
App. P. 26.2(a).  Appellant=s sentence was imposed on June 1, 2006.  No motion for new trial was filed, so
Appellant=s notice of
appeal was due July 1, 2006.  On July 24,
2006, Appellant filed his pro se motion for an out-of-time appeal. 

This court does not have
jurisdiction to grant a motion for an out-of-time appeal; Appellant=s proper remedy is to seek an out-of-time appeal through a writ of
habeas corpus.  See Tex. Code Crim. Proc. Ann. art. 11.07
(Vernon 2005); Ater v. Eighth Ct. of App., 802 S.W.2d 241, 243 (Tex.
Crim. App. 1991) (orig. proceeding)(holding writ of habeas corpus pursuant to
article 11.07  governs out‑of‑time
appeals from felony convictions).  

Even construing Appellant=s motion as a notice of appeal, we hold it was untimely and we have no
jurisdiction over this appeal.  See
Olivo v. State, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996); see also
Slaton v. State, 981 S.W.2d 208, 209-10 (Tex. Crim. App. 1998).  Accordingly, we deny Appellant=s motion and dismiss this appeal for want of jurisdiction. 

 

PER CURIAM        

PANEL
D:  HOLMAN, GARDNER, and WALKER, JJ.   

 

DO
NOT PUBLISH

Tex. R. App. P. 47.2(b) 

 

DELIVERED:  August 10, 2006











[1]See Tex. R. App. P. 47.4.